MILLS v. NASSAU BANK OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, First Department.    January 24, 1908.)

1. COSTS—SECURITY FOR PAYMENT—WAIVER.

    Defendant does not lose its right to move for security for costs, though not doing so till the giving of notice of appeal from the dismissal of the complaint; the fact of plaintiff being a nonresident not appearing on the papers, and defendant not being aware of such fact till the trial, when it was testified to by plaintiff.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 463–468.]

2. SAME—NONRESIDENT PLAINTIFF.

    A nonresident plaintiff executrix should be required to give security for future costs before further proceedings by her; the complaint having been dismissed, and it not appearing that the estate has any property in the state subject to execution, and the right to move for security not having been waived.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 13, Costs, §§ 427–438.]

Appeal from Special Term.

Action by Mary Mills, executrix of Robert J. Mills, deceased, against the Nassau Bank of the City of New York. From an order denying a motion for security for costs, defendant appeals. Reversed, and motion granted.

See 52 Misc. Rep. 243, 102 N. Y. Supp. 1119.

Argued before PATTERSON, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

Duer, Strong & Whitehead (M. Stearns, of counsel), for appellant.

J. J. McKenna, for respondent.

CLARKE, J.    This action was commenced on the 26th day of September, 1904, was brought to recover the sum of $2,201.86 and interest, and was tried on the 22d of June, 1906; judgment being entered on the 26th of February, 1907, in favor of the defendant, dismissing the complaint, with costs. On the 1st of April, 1907, plaintiff served a notice of appeal to the Appellate Division, and on the 16th of April, 1907, the defendant made a motion for an order requiring the plaintiff to give security for costs.

The plaintiff executrix is a nonresident of the state, residing in Ottawa, Canada. There was nothing upon the face of the papers to show such nonresidence, and it was not until the trial, when the plaintiff testified to the fact, that the defendant became aware that she was a nonresident. We do not think, therefore, that the defendant lost its right to move for security by mere lapse of time. The judgment having been entered dismissing the complaint, with costs against the plaintiff, as soon as it became evident by the service of the notice of appeal from the judgment that further proceedings were to be taken, the defendant moved. It seems to us, as it now appears that the plaintiff is a nonresident, and as it does not appear that the estate has any property within the state subject to execution, it is proper, the court having entered judgment in its favor, that the defendant should be secured for its future costs before further proceedings are had.

The order appealed from, therefore, should be reversed, and the motion granted, so far as to provide for the payment into court of the sum of $250, or an undertaking in the like sum, as security for costs upon any appeal which may be taken from said judgment, with $10 costs and disbursements upon this appeal.   All concur.